IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ELDER MCCLENDON**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 2:00cv112-LTS-JMR**

**CITY OF HATTIESBURG, ET AL.**     **DEFENDANTS**

## ORDER

This cause is before the Court on the petitioner's Motion [121-1] for Recusal. The motion requests the removal of the undersigned based on 28 U.S.C. § 144. Having carefully considered the motion and the applicable law, the Court finds as follows:

28 U.S.C. § 455 (a) requires a judge to stand recused "in any proceeding in which his impartiality might reasonably be questioned." As the goal of § 455(a) "is to exact the appearance of impartiality," recusal may be mandated even though no actual partiality exists. <u>Hall v. Small Business Admin.</u>, 695 F.2d 175, 178 (5th Cir. 1983). The standard for recusal is an objective one. If a "reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality," then recusal is warranted. <u>Health Services Acquisition Corp. v. Liljeberg</u>, 796 F.2d 796, 800 (5th Cir. 1986).

The petitioner contends that the undersigned should be recused inasmuch as the petitioner disagrees with the Court's rulings on his Motions to Compel [118-1] and to Refund Attorney's Fees [119-1]. These are not sufficient grounds to warrant recusal. A requirement that the undersigned Judge recuse in every case where the litigant is displeased with court rulings would place too great a burden on our court system. Therefore, the Court finds that the petitioner's Motion [121-1] is not well-taken, and is hereby DENIED.

SO ORDERED, this the 7th day of December, 2005.

                                                                       s/ John M. Roper, Sr.
                                              CHIEF UNITED STATES MAGISTRATE JUDGE